UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JUSTIN T. GARRIOTT and SUSAN GARRIOTT, Husband and Wife, JASPYN GARRIOTT, JUSTIN GARRIOTT JR., JMG1, a minor, and JMG2, a minor,<br><br>               Plaintiffs,<br><br>v.<br><br>KOOTENAI HOSPITAL DISTRICT, D/B/A KOOTENAI HEALTH, MATTHEW KREPS, MD, MARK DALTON, DO; WESTERN MEDICAL ASSOCIATES PLLC, an Idaho corporation; PAUL PASCHALL, MD; BENJAMIN PERSCHAU, MD; ERIC CHUN, MD; and DOE DEFENDANTS I through V,<br><br>               Defendants. | Case No. 2:16-cv-00081-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Currently pending before the Court are two motions: (1) a motion to dismiss for failure to state a claim and for lack of jurisdiction, asserted under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) and filed by Defendants Western Medical Associates, PLLC, Paul Paschall,

**MEMORANDUM DECISION AND ORDER - 1**

M.D., Benjamin Perschau, M.D., and Eric Chun, M.D.; and, (2) a motion for leave to file an amended complaint by Plaintiffs Justin Garriott, Susan Garriott, Jaspyn Garriott, Justin Garriott Jr., and minors JMG1, and JMG2. (Dkt. 30, 39.) Plaintiffs submitted a proposed amended complaint with their motion, and Defendants' reply memorandum in support of their motion to dismiss addresses the proposed amended complaint.

All parties have consented to the jurisdiction of a United States Magistrate Judge to adjudicate this matter. 28 U.S.C. § 636(c). (Dkt. 43.) Having fully reviewed the record, the Court finds the facts and legal arguments are adequately presented in the briefs and record. In the interest of avoiding delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter will be decided on the record without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d).

The Court finds the proposed amended complaint alleges sufficient factual allegations to state a claim for relief, and will therefore deny Defendants' motion to dismiss[1] and grant Plaintiffs' motion to amend, as explained below.

## BACKGROUND

**1.      Facts[2]**

Plaintiffs assert that on March 25, 2015, Justin Garriott went to the Northwest Urgent Care clinic complaining of a dry cough, fever, and body aches that had begun

---

[1] None of the other named Defendants filed or joined in the pending motion to dismiss. The reference to Defendants in this decision is limited to Defendant Western Medical Associates, PLLC, and three of its members, Drs. Paschall, Perschau, and Chun. Defendants Kootenai Hospital District, d/b/a Kootenai Health, Matthew Kreps, M.D., and Mark Dalton, D.O., have filed answers to the complaint. (Dkt. 29, 33, 35.)

[2] For purposes of deciding the motion to dismiss, all facts alleged in the proposed amended complaint must be accepted as true. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).

**MEMORANDUM DECISION AND ORDER - 2**

approximately two weeks before. (Dkt. 39 at ¶ 3.1.) He was diagnosed with acute bronchitis and prescribed Tylenol and ibuprofen. *Id.*

On March 27, 2015, Garriott went to the Kootenai Health emergency department complaining of a headache, fever, neck stiffness, abdominal pain, and constipation. *Id.* at ¶ 3.2. Arne Michaelson, M.D., performed a lumbar puncture in the L4-L5 interspinous space. The results showed decreasing red blood cells on tube 3, elevated protein of 60 and serum CSF of 116, white counts of 4.5 with 38.1% and 20.0% bands, and thrombocytopenia of 64. Defendant Benjamin Perschau then took Garriott's medical history and completed a physical examination. *Id.* Defendant Perschau concluded Garriott had viral meningitis and thrombocytopenia, so he instructed Garriott to go home and follow up with an oncologist. Defendant Perschau prescribed Garriott ibuprofen and hydrocodone. *Id.*

On March 31, 2015, Garriott returned to the Kootenai Health emergency department complaining of mid-back pain (thoracic and upper lumbar area) that radiated into his abdomen as well as tightness in his chest. *Id.* at ¶ 3.3. Defendant Paul Paschall took Garriott's medical history and completed a physical examination. He recommended Garriott follow up with his primary care physician on April 2, 2015, and prescribed additional pain medication and muscle relaxants.

On the morning of April 2, 2015, Garriott was taken via ambulance to the Kootenai Health emergency department complaining of gradual onset of leg weakness and numbness, difficulty urinating, and severe abdominal pain radiating from his back. *Id.* at ¶ 3.4. Defendant Eric Chun treated Garriott. He placed Garriott on IV pain therapy

**MEMORANDUM DECISION AND ORDER - 3**

and ordered lab studies and a lumbar MRI without contrast to rule out cauda equine syndrome.

Around 5:05 p.m., the lumbar MRI was read as normal and Defendant Chun admitted Garriott to an observation unit. *Id.* at ¶ 3.5. Around 7:50 p.m., Defendant Matthew Kreps updated Garriott's history and conducted a physical examination. Defendant Kreps indicated that a thoracic and cervical MRI with contrast should be done emergently. However, these procedures were not ordered until 10:30 p.m. and did not occur until the following day. Defendant Kreps ordered also a neurology and neurosurgery consultation, which also did not occur until the following day.[3]

Around 6:34 a.m. on April 3, 2015, Dr. Martinez reported Garriott's thoracic spine MRI results to Dr. Mark Dalton. *Id.* at ¶ 3.6. The results revealed an epidural mass centered around T7 and T8 with cord compression. Drs. Martinez and Dalton consulted with neurosurgeon Dr. Dirks and determined that Garriott required emergency surgery to remove the mass.

Surgery occurred at approximately 9:17 a.m. on April 3, 2015. An epidural mass was identified and a laminectomy performed. The abscess was removed and its fluid cultured. Lab reports indicated it was methicillin-sensitive S. aureus (MSSA).

Garriott remained at Kootenai Hospital until he was discharged by Dr. Michael Kirkpatrick on April 16, 2015. *Id.* at ¶ 3.7. Dr. Kirkpatrick's discharge summary

---

[3] It is unclear from the complaint who read the MRI results as normal and who ordered the thoracic and cervical MRIs.

**MEMORANDUM DECISION AND ORDER - 4**

indicated Garriott suffered a T7 spinal cord injury with flaccid paralysis and sensory loss of lower extremities, as well as neurologic bowel and bladder dysfunction. *Id.*

**2.     Procedural Background**

On February 23, 2016, Plaintiffs filed a complaint asserting that Defendants Kootenai Hospital District, Western Medical Associates, PLLC, and Drs. Matthew Kreps, Mark Dalton, Paul Paschall, Benjamin Perschau, and Eric Chun negligently failed to meet the applicable standard of health care practice in the community by failing to timely carry out physician orders, failing to timely diagnose and treat Garriott's spinal epidural abscess, and failing to provide appropriate medical care. (Dkt. 1.) Plaintiffs allege that, as a result of Defendants' breaches of the standard of care, Justin Garriott sustained permanent injuries, and the other named Plaintiffs are denied the personal relationship normally enjoyed between husband and wife or father and child.

On April 25, 2016, Defendants Western Medical Associates, PLLC, and three of its member physicians Paul Paschall, Benjamin Perschau, and Eric Chun (hereafter, collectively "Defendants") filed a motion to dismiss for lack of subject matter jurisdiction, contending the prerequisites for diversity jurisdiction were not adequately alleged in the complaint. Defendants allege also that the complaint fails to state a claim upon which relief can be granted. Plaintiffs both responded to the motion to dismiss and filed a motion for leave to file an amended complaint.

Defendants' reply, filed on June 6, 2016, does not oppose Plaintiffs' motion to amend, conceding the proposed amended complaint adequately addresses the

**MEMORANDUM DECISION AND ORDER - 5**

jurisdictional deficiencies raised in their motion under Rule 12(b)(1) which would have prevented the Court from exercising diversity jurisdiction.

However, Defendants argue the proposed amended complaint is still subject to dismissal for failure to state a claim under Rule 12(b)(6). Defendants assert the proposed amended complaint merely sets forth conclusory allegations in broad terms that each Defendant violated the applicable standard of care by failing to timely carry out physician orders and failing to timely diagnose and treat Garriott's spinal epidural abscess, and therefore fails to pass muster under Fed. R. Civ. P. 8(a). Defendants argue Plaintiffs' complaint must include the applicable standards of heath care and how each Defendant negligently failed to meet those standards in connection with the care provided to Garriott.

## DISCUSSION

**1.     Motion for Leave to File an Amended Complaint**

Defendants concede the motion to amend cures the deficiencies regarding the Court's subject matter jurisdiction over the Plaintiffs' state law claims of malpractice against Defendants. Upon review, the Court finds the proposed amended complaint adequately alleges diversity jurisdiction under 28 U.S.C. § 1332. Plaintiffs reside in Arizona, and all Defendants reside in Idaho. Plaintiffs allege damages exceeding $75,000.00.

The substantive facts alleged in the proposed amended complaint are largely unchanged from the initial complaint. Accordingly, given Defendants' non-opposition to the proposed amendment other than as set forth in the motion to dismiss under Rule

**MEMORANDUM DECISION AND ORDER - 6**

12(b)(6), the motion to amend will be granted, and the motion to dismiss will be considered in light of the proposed amended complaint. Fed. R. Civ. P. 15(a)(2) ("The Court should freely give leave [to amend] when justice so requires.").

2. **Motion to Dismiss**

    A. *Standard of Law*

Federal Rule of Civil Procedure 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," to "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While a complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement of relief.'" *Id.* at 557.

The Court uses a two-step approach for deciding when a complaint meets the plausibility requirement. First, the Court strips the complaint of legal conclusions and

**MEMORANDUM DECISION AND ORDER - 7**

accepts as true all factual allegations made in the complaint, drawing all reasonable inferences in favor of the plaintiff. *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009). Second, the Court analyzes the remaining factual allegations in the complaint to determine whether a plausible claim of entitlement to relief has been alleged. *Id.*

### B. *Elements of a Medical Malpractice Claim*

The elements of a negligence action are the following: "(1) a duty, recognized by law, requiring the defendant to conform to a certain standard of conduct; (2) a breach of duty; (3) a causal connection between the defendant's conduct and the resulting injuries; and (4) actual loss or damage." *Jones v. Starnes*, 245 P.3d 1009, 1012 (Idaho 2011) (quoting *Hansen v. City of Pocatello*, 184 P.3d 206, 208 (Idaho 2008)). In medical malpractice cases:

> [P]laintiff must, as an essential part of his or her case in chief, affirmatively prove by direct expert testimony and by a preponderance of all the competent evidence, that such defendant then and there negligently failed to meet the applicable standard of health care practice of the community in which such care allegedly was or should have been provided, as such standard existed at the time and place of the alleged negligence of such physician and surgeon, hospital or other such health care provider and as such standard then and there existed with respect to the class of health care provider that such defendant then and there belonged to and in which capacity he, she or it was functioning.

Idaho Code § 6-1012. The statute provides also the criteria by which a health care provider must be judged: "Such individual providers of health care shall be judged in such cases in comparison with similarly trained and qualified providers of the same class in the same community, taking into account his or her training, experience, and fields of medical specialization, if any." *Id.*

**MEMORANDUM DECISION AND ORDER - 8**

Idaho Code § 6-1013 requires that the applicable standard of health care practice and the failure of the defendant physician to meet this standard be established by plaintiff providing opinions from "one or more knowledgeable, competent expert witnesses." Expert opinions may be admitted in evidence only if a foundation is laid establishing: (1) the "opinion is actually held by the expert witness," (2) the "opinion can be testified to with reasonable medical certainty, and (3) the "expert witness possesses professional knowledge and expertise coupled with actual knowledge of the applicable community standard to which the testimony of the witness is addressed." Idaho Code § 6-1013.

**C.** *Analysis*

Defendants assert Plaintiffs' proposed amended complaint fails to set forth the applicable standards of care, and does not explain how each of the Western Medical Associates Defendants breached the standards. As a result, Defendants argue the proposed amended complaint fails to state a claim. However, Defendants mistakenly include the specific standard of care as an element required at the pleading stage. While a plaintiff is required to plead facts that plausibly show a duty to conform to a standard of care, the actual standard of care must be established by an expert witness. Generally, the Court considers the legal sufficiency of the expert opinion evidence in conjunction with a motion for summary judgment, if raised by the defendants after discovery of the expert opinions and the qualifications of the expert. *See, e.g., Hayward v. Jack's Pharmacy, Inc.*, 115 P.3d 713, 717 (Idaho 2005) (discussing expert testimony introduced via affidavits in support of motion for summary judgment). Defendants have cited no legal authority for requiring a higher or more detailed threshold at the pleading stage.

**MEMORANDUM DECISION AND ORDER - 9**

Here, the proposed amended complaint contains detailed factual allegations. It alleges Garriott visited Kootenai Health twice prior to being hospitalized. On both occasions, Garriott complained of symptoms that appear to be severe. During his initial visit, Garriott was diagnosed with viral meningitis and thrombocytopenia. Despite the seriousness of these diagnoses, Garriott was sent home with a referral and a prescription for pain medication. When Garriott returned days later, he was once again referred to see his primary care physician and prescribed pain medication and muscle relaxants. When Garriott was admitted to the hospital almost a week after his initial visit, Defendant Kreps determined that tests and procedures were needed emergently. However, these tests and procedures were not ordered until later in the evening and not performed until the following day.

The Court can plausibly infer that, during the course of three visits to the Kootenai Health emergency room, a patient complaining of severe symptoms would receive health care necessary to allow physicians to properly diagnose and treat that patient. However, the facts alleged by Plaintiffs in the proposed amended complaint, taken as true, state a plausible claim that Defendants Perschau and Paschall did not diagnose Garriott correctly despite two visits to the emergency room, and may not have provided treatment that would be effective for either his actual or misdiagnosed condition. With respect to Defendant Chun, the alleged facts state a plausible claim that Dr. Chun did not order appropriate tests or order procedures with the urgency indicated by Garriott's symptoms and test results.

**MEMORANDUM DECISION AND ORDER - 10**

The Court finds these factual allegations, taken as true as the Court must do upon resolving the motion to dismiss, and drawing all reasonable inferences in favor of Plaintiffs, are sufficient to state claims upon which relief can be granted. The proposed amended complaint adequately states: (1) Defendants were doctors, required to conform to certain standards of health care in the community, and owed a legal duty to Garriott; (2) Defendants breached the standards of care by failing to timely or properly diagnose Garriott or timely perform certain tests and procedures; (3) Defendants' conduct caused Garriott's condition to worsen; which, (4) ultimately resulted in permanent paraplegia of his lower extremities and caused damages. It will be Plaintiffs' burden to establish, however, what the applicable community standard of care was for each Defendant physician, and how each Defendant failed to meet it, through expert opinion testimony that meets the requirements of Idaho law.

## CONCLUSION

For the reasons set forth above, the Court will grant Plaintiffs' motion for leave to file an amended complaint and deny Defendants' motion to dismiss for failure to state a claim.

**MEMORANDUM DECISION AND ORDER - 11**

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Plaintiffs' Motion For Leave to File an Amended Complaint (Dkt. 39) is **GRANTED**;

2) Defendants' Motion to Dismiss (Dkt. 30) is **DENIED**; and

3) Plaintiffs must separately file their proposed amended complaint (Dkt. 39-1) within five (5) days of the Court's order.

DATED: July 8, 2016

Honorable Candy W. Dale
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 12**