UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JUSTIN T. GARRIOTT and SUSAN GARRIOTT, husband and wife; JASPYN GARRIOTT, JUSTIN GARRIOTT JR., JMG1, a minor, and JMG2, a minor,<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>WESTERN MEDICAL ASSOCIATES, PLLC, an Idaho corporation; PAUL PASCHALL, MD; ERIC CHUN, MD,<br><br>　　　　　　　Defendants. | Case No. 2:16-cv-00081-CWD<br><br>**MEMORANDUM DECISION AND ORDER (Dkt. 85)** |

## INTRODUCTION

Before the Court is Defendants' first partial motion for summary judgment (Dkt. 85), filed on March 31, 2017. The parties have filed their responsive briefing and the matter is ripe for the Court's consideration. This matter involves a medical malpractice claim brought against two emergency room physicians. His four children each bring a claim for loss of consortium based upon the injury to their father, Justin Garriott Sr.

**MEMORANDUM DECISION AND ORDER - 1**

The Court conducted a hearing regarding the motion on July 11, 2017, at which the parties appeared and presented their arguments. After carefully considering the parties' written memoranda, relevant case law, and the parties' arguments, the Court will grant Defendants' motion for partial summary judgment.

## FACTS

According to the complaint, Plaintiffs Justin T. Garriott and Susan Garriott are husband and wife, and they have four children. They reside together in Spokane County, Washington.

On March 25, 2015, Justin Garriott began feeling ill, and he visited an urgent care center. On March 27, 2015, Mr. Garriott presented to Kootenai Health hospital, located in Kootenai County, Idaho, complaining of headache, fever, neck stiffness, abdominal pain and constipation. On March 31, 2015, Mr. Garriott returned to Kootenai Health's emergency department, with complaints of aching mid-back pain, and other symptoms. He was later discharged. On the morning of April 2, 2015, Mr. Garriott was transported via ambulance to the Kootenai Health emergency department with gradual onset of leg weakness and numbness, difficulty urinating, and severe abdominal pain that radiated from his back. An MRI was ordered. On April 3, 2015, the MRI results were reported as revealing an epidural mass centered around T7 and T8 with cord compression. Surgery occurred later that same morning. Upon removal of the abscess, fluid from the abscess was cultured and laboratory results indicated MSSA or methicillin-sensitive S. aureus.

**MEMORANDUM DECISION AND ORDER - 2**

Mr. Garriott remained at the hospital until his discharge on April 16, 2016. Mr. Garriott had suffered a T7 spinal cord injury with flaccid paralysis and sensory loss of his lower extremities, as well as neurologic bowel and bladder dysfunction.

Plaintiffs' amended complaint alleges negligence against two of the emergency room physicians at Kootenai Health who treated Mr. Garriott. Mr. Garriott's children, as well as his wife, bring also a claim for loss of consortium based upon the injuries to Mr. Garriott. Other than the claim for loss of consortium, Mr. Garriott's children assert no other claim.

The sole issue before the Court with this motion is whether Plaintiffs Jaspyn Garriott, Justin Garriott, Jr., JMG1 and JMG2 (the Children) may proceed with their claim for loss of consortium based upon the injury to their father. Defendants assert that, under Idaho law, a loss of consortium claim is available only to the spouse of the injured party, not the injured party's children. Plaintiffs disagree, arguing that the claim has not been foreclosed by recent Idaho case law.

## DISCUSSION

1.  **Summary Judgment Standard**

    Motions for summary judgment are governed by Rule 56 of the Federal Rules of Civil Procedure. Rule 56 provides, in pertinent part, that judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "material" if it affects the outcome of the litigation and may be

**MEMORANDUM DECISION AND ORDER  - 3**

considered "genuine" if it is established by "sufficient evidence supporting the claimed factual dispute ... to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Hahn v. Sargent*, 523 F.3d 461, 464 (1st Cir. 1975) (quoting *First Nat'l Bank v. Cities Serv. Co. Inc.*, 391 U.S. 253, 289 (1968)); *see also British Motor Car Distrib. v. San Francisco Auto. Indus. Welfare Fund*, 883 F.2d 371 (9th Cir. 1989).

The Supreme Court of the United States has made it clear that summary judgment under Rule 56 is mandated if the non-moving party fails to make a showing sufficient to establish the existence of an element which is essential to the non-moving party's case and upon which the non-moving party will bear the burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If the non-moving party fails to make such a showing on any essential element, "there can be no 'genuine issue of material fact,' since a complete[ ] failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*. at 323.

According to the United States Court of Appeals for the Ninth Circuit, to withstand a motion for summary judgment, a party

> (1) must make a showing sufficient to establish a genuine issue of fact with respect to any element for which it bears the burden of proof; (2) must show that there is an issue that may reasonably be resolved in favor of either party; and (3) must come forward with more persuasive evidence than would otherwise be necessary when the factual context makes the non-moving party's claim implausible.

*British Motor Car*, 882 F.2d at 374 (citation omitted). When applying this standard, the Court views all of the evidence in the light most favorable to the non-moving party.

**MEMORANDUM DECISION AND ORDER - 4**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Hughes v. United States*, 953 F.2d 531, 541 (9th Cir. 1992).

## 2. Children's Claim of Loss of Parental Consortium

This Court addressed the precise issue now before it in *Green v. A.B. Hagglund and Soner*, 634 F.Supp. 790 (D. Idaho 1986).[1] There, the plaintiffs brought suit on behalf of their minor children to recover for loss of their father's love, care, companionship and guidance. The Court noted that "Idaho has not heretofore addressed the questions of whether or not children have a separate cause of action for loss of parental consortium where a parent is injured by the conduct of another person." *Green*, 634 F.Supp. 796. After careful review, the Court found that the "Idaho Supreme Court would not recognize such a cause of action," and held that the children's claim for loss of consortium must be dismissed because they could not state a claim upon which relief could be granted. *Id.*

Nothing in the later case of *Conner v. Hodges*, 333 P.3d 130 (Idaho 2014), decided by the Idaho Supreme Court, or the enactment of tort reform in 1987, persuades this Court that it should depart from the conclusion in *Green*. In 1987, the Idaho legislature enacted statutes directed at tort reform. As part of the statutory scheme, noneconomic damages are defined as follows:

> "Noneconomic damages" means subjective, nonmonetary losses including, but not limited to, pain, suffering, inconvenience, mental anguish, disability or disfigurement incurred by the injured party; emotional distress; loss of society and companionship; loss of consortium; or destruction or impairment of the parent-child relationship.

---

[1] Although the parties cited numerous cases decided by Idaho state courts, neither party discussed *Green*. It was, however, addressed during oral argument when raised by the Court on July 11, 2017.

**MEMORANDUM DECISION AND ORDER - 5**

Idaho Code § 6-1601(5).

The concept that parents may recover for the loss of the society and companionship of their minor child is not new. *See, e.g., Anderson v. Great Northern Ry. Co.*, 199 P.91 (Idaho 1908) (allowing parent to recover noneconomic damages for the death of his child). However, cases involving damage claims for the destruction of the parent-child relationship have uniformly allowed damages to be awarded to the parents for recovery of the loss of their child's companionship, but not the converse. *See, e.g., Pfau v. Comair Holdings, Inc.*, 15 P.3d 1160, 163 (Idaho 2000) (discussing case law and statutory authority[2] allowing damages to survivors for the loss to the survivors of what the decedent would have contributed to them for support, companionship, and comfort). When the Court inquired of the parties at the hearing if they were aware of any Idaho state trial court that had allowed an award for non-economic damages for the loss of companionship of a parent, the parties could not identify one.

Nor does *Conner* provide support for such an award. In that case, the plaintiffs filed a medical malpractice complaint. The district court concluded Mr. Conner's loss of consortium claim failed because the Conners were not married at the time of Mrs. Conner's injury. *Conner*, 333 P.3d at 133. Upon appeal, the Idaho Supreme Court held

---

[2] Idaho Code § 5-311 allows for damages to be awarded to parents upon the death of a child for the loss of companionship the child may have afforded to the parents. Idaho Code § 5-310 permits the parents to maintain an action for the injury to an unmarried minor child.

**MEMORANDUM DECISION AND ORDER - 6**

the lower court properly granted summary judgment as to Mr. Conner's loss of consortium claim. *Id*. at 138.

The court explained that an action for loss of consortium is "predicated upon the existence of a marriage. 'The claim for loss of consortium is a wholly derivative cause of action contingent upon a third party's tortious injury to a spouse.'" *Id.* (quoting *Zaleha v. Rosholt, Robertson & Tucker, Chtd.*, 953 P.2d 1363, 1365 (Idaho 1998)). Despite a lengthy discussion regarding the prerequisite of a marital relationship, and the statement by the court that it had recognized claims for loss of consortium only when brought by a spouse, the court curiously stated: "this Court has also held that third parties other than spouses may recover for injury to a relationship, recognizing the right of parents and children to recover for loss of 'comfort, society and companionship.'" *Id.* at 138. It is this dicta that Plaintiffs rely upon in opposing Defendants' motion.

The Court sees no reason to recognize a right mentioned in passing and without explanation by the Idaho Supreme Court, when the entirety of the discussion in *Conner* presupposed a marital relationship and limited loss of consortium claims to spouses. *Hayward v. Yost*, 242 P.2d 971, 977 (Idaho 1952), the case cited by *Conner* in support of its dicta, does not persuade the Court that the Idaho Supreme Court would rule otherwise. In *Hayward*, the parents maintained an action for the injuries to their minor child. There, the court recognized parents may include as elements of their damages contributions which the parents might reasonably have expected to receive from the earnings of the minor child, as well as the loss of protection, comfort, society and companionship of their child. *Hayward*, 242 P.2d at 977. The holding in *Hayward*, which discussed the damages

**MEMORANDUM DECISION AND ORDER - 7**

parents could claim for injury to their minor child, does not support expanding a claim for loss of consortium to children based upon injury to a parent.[3]

## CONCLUSION

While the Court does not diminish the impacts Mr. Garriott's injuries have upon his family, neither the Idaho Legislature nor the courts of this state, including this Court, have recognized a claim for loss of consortium brought by the children of an injured parent. The Court is therefore reluctant to recognize such a claim in the absence of clear authority from Idaho courts[4] or the Idaho Legislature. The Defendants' motion for summary judgment will therefore be granted, and the children's loss of consortium claim dismissed with prejudice.

---

[3] The definition of "loss of consortium" similarly speaks in terms of the marital alliance, and is defined as "A loss of the benefits that one spouse is entitled to receive from the other, including companionship, cooperation, aid, affection, and sexual relations." *Loss of Consortium*, BLACK'S LAW DICTIONARY (10th ed. 2014).

[4] The parties declined the Court's invitation to certify the question to the Idaho Supreme Court.

**MEMORANDUM DECISION AND ORDER  - 8**

## **ORDER**

**NOW THEREFORE IT IS HEREBY ORDERED:**

1)      Defendants' Motion for Partial Summary Judgment (Dkt. 85) is

**GRANTED**.

DATED: July 14, 2017

_____

Honorable Candy W. Dale
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER  - 9**