UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JUSTIN T. GARRIOTT and SUSAN GARRIOTT, husband and wife; JASPYN GARRIOTT, JUSTIN GARRIOTT JR., JMG1, a minor, and JMG2, a minor,<br><br>Plaintiffs,<br><br>v.<br><br>WESTERN MEDICAL ASSOCIATES, PLLC, an Idaho corporation; PAUL PASCHALL, MD; ERIC CHUN, MD,<br><br>Defendants. | Case No. 2:16-cv-00081-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court are the parties' respective motions in limine. The Court conducted a hearing on the motions on October 2, 2017, at which the parties appeared and presented oral argument. Consistent with the Court's statements on the record during the hearing, the Court issues this Memorandum Decision and Order on the two motions.

The Court's ruling herein is preliminary and may be subject to revision upon consideration of particular evidentiary issues presented within the context of trial. An eight-day jury trial is set to begin on October 30, 2017.

Plaintiffs seek to exclude the following evidence from trial: (1) evidence of collateral source payments; (2) evidence of Plaintiffs' bankruptcy filing; (3) extrinsic statements of Plaintiffs' expert, Dr. Richard Cummins; and (4) the testimony of Defendants' expert, Dr. Rabih Darouiche. Defendants seek to limit the scope of testimony of Justin Garriott's treating physicians pursuant to Fed. Rule Civ. P. 26(a)(2)(C). The Court will discuss each evidentiary issue below.

## ANALYSIS

**1.     Plaintiffs' Motion in Limine**

    **A.     Collateral Source Payments**

Plaintiffs assert that, pursuant to Idaho Code § 6-1606 and the collateral source rule, it is not appropriate for Defendants to present any collateral source evidence to the jury. This includes benefits related to health insurance, social security, and disability.

Idaho Code § 6-1606 prohibits double recoveries from collateral sources in any action for personal injury. The statute provides that judgment may be entered "only for damages which exceed amounts received by the claimant from collateral sources as compensation for the personal injury…. For the purposes of this section, collateral sources shall not include benefits paid under federal programs which by law must seek subrogation…and benefits paid which are recoverable under subrogation rights created under Idaho law or by contract."

Defendants did not contest this argument, and confirmed the same during the hearing. Accordingly, the Court will **GRANT** the motion with respect to collateral source

evidence, reserving application of Idaho Code § 6-1606 to post trial proceedings regarding damages, if appropriate.

B. **Plaintiffs' 1998 Bankruptcy**

During her deposition, Susan Garriott acknowledged that in 1998 she and Justin filed bankruptcy as a result of "bad financial decisions." Plaintiffs argue that, although the evidence is perhaps relevant under Fed. R. Evid. 401, under Fed. R. Evid. 403, this evidence should be excluded because its probative value is outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Defendants did not contest this argument, and confirmed the same during the hearing. Accordingly, the Court will **GRANT** the motion with regard to evidence of Plaintiffs' bankruptcy filing.

C. **Extrinsic Statement of Plaintiffs' Expert Dr. Cummins**

In 2010, Plaintiffs' expert Richard Cummins, M.D., gave a deposition in a medical malpractice action during which the following exchange of testimony occurred:

> Q. Would it be fair to say that perhaps as much as 80 to 90 percent of the cases you've done in the last 20 years have been on the plaintiff's side?
> A. I would say right off the bat, **I'm a plaintiff whore** probably 80 percent. That's of cases that I review, and that's just because that's where the action is at the start. And the defense seems to not come to play until a lot of stuff is sorted out.
> Q. **Did you use the word plaintiffs' whore?**
> A. **I did.**
> Q. That's what I thought you said.
> A. I mean, that seems to be the direction this line of questioning always heads towards.

**MEMORANDUM DECISION AND ORDER - 3**

Plaintiffs assert that, while the existence of bias or prejudice of experts is proper upon cross-examination, the Court has discretion to tailor and limit extrinsic evidence of bias impeachment material. *See U.S. v. Preciado-Gomez*, 529 F.2d 935, 942 (9th Cir. 1976); *S.E.C. v. Treadway*, 438 F. Supp. 2d 218, 221—22 (S.D.N.Y. 2006) (quoting *U.S. v. Weiss*, 930 F.2d 185, 197 (2d Cir. 1991) ("Exclu[sion] did not harm the policy encouraging the admission of evidence related to bias because the witness admitted to the main circumstances from which any bias supposedly arose"); *see also* MCCORMICK ON EVIDENCE § 40, at 88 (3d ed. 1984); *accord U.S. v. Smith*, 196 F.3d 1034, 1038 (9th Cir. 1999) (holding bias had been established from witness's admissions and the probative value of additional extrinsic evidence was substantially outweighed by the danger of confusion of the issues, the needless presentation of cumulative evidence, and the danger of misleading the jury).

Plaintiffs argue Defendants can adequately explore Dr. Cummins' bias by referencing his list of prior testimony and the frequency with which he has testified on behalf of plaintiffs. Plaintiffs admit that the testimony will reveal Dr. Cummins more frequently testifies on behalf of plaintiffs in medical malpractice cases than on behalf of defendants.[1]

Defendants argue they are entitled to elicit the phrase, "plaintiff's whore," from Dr. Cummins. Defendants contend the imagery behind the word "whore" is more

---

[1] Plaintiffs' counsel indicated the ratio is approximately 80/20.

**MEMORANDUM DECISION AND ORDER - 4**

straightforward, and easily understood by a layperson versus the abstract reasoning the average individual would need to engage in to deduce the same from testimony about the frequency Dr. Cummins testifies on behalf of plaintiffs. Additionally, Defendants argue the term "whore" illustrates Dr. Cummins' own perception of himself in a way that bland cross-examination about his prior testimony would not.

The Court will not allow use of the phrase "plaintiff's whore" in cross examination (or, for that matter, in direct examination) as it diminishes respect for the legal process as a whole. Consistent with Fed. R. Evid. 403 and Dist. Idaho Loc. Civ. R. 83.8, the Court considers the prejudicial value to outweigh its probative value. There are other methods the defense may use to demonstrate Dr. Cummins' potential bias favoring plaintiffs, and other ways to describe Dr. Cummins' perception of himself without use of the word "whore." Should Dr. Cummins open the door, however, the Court will require an offer of proof and permission to elicit the testimony. The motion will be conditionally granted at this time.

### D. Expert Testimony of Rabih Darouiche, MD

Plaintiffs argue Defendants' expert, Dr. Darouiche, should be prevented from testifying because Defendants did not comply with Fed. Rule Civ. P. 26(a)(2)(B)(v),[2] which requires the expert to "submit a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition" as part of his or her written report. Plaintiffs contend exclusion is proper pursuant to Fed. Rule Civ. P. 37(c),

---

[2] Plaintiffs mistakenly cite Idaho R. Civ. P. 26(a)(2)(B)(v), but they also cite the federal rule.

which states that, if a party fails to provide information required by Rule 26(a), the party is not allowed to use that witness to supply evidence at trial, "unless the failure was substantially justified or is harmless."

Defendants admit Dr. Darouiche's report failed to comply with this subsection of Rule 26, and offer some justification. They explain Dr. Darouiche maintains a list of active cases, but not a list of all cases from the prior four years. Defendants conveyed this information to Plaintiffs, and state Plaintiffs did not inquire further, or take Dr. Darouiche's deposition. Once Defendants received the motion in limine, they contacted Dr. Darouiche to obtain an updated case list. Apparently, Dr. Darouiche had not previously been challenged for this oversight. He produced an updated case list. Defendants argue also that the failure was substantially justified or harmless, and Plaintiffs have not established the contrary. It is Defendants' burden to establish the late disclosure was substantially justified or harmless. *Bannion v. U.S.*, 2006 WL 4524339 at *4 (D. Idaho Dec. 18, 2006).

The Court has considered the case law cited by the parties in their briefs. Based upon the cases cited by the parties, it does not appear the failure to make the requisite disclosure, standing alone, justifies exclusion of the expert's testimony. *See, e.g., Pineda v. City and County of San Francisco*, 280 F.R.D. 517, 520 (N.D. Cal. 2012) (precluding expert from testifying when party belatedly disclosed expert report that also did not contain list of cases); *Jennings v. Thompson*, 792 F.Supp.2d 1, 5-6 (D.C. 2011) (expert, who was previously precluded from testifying for the same behavior, was precluded from testifying when the report failed to disclose the list of prior cases per Rule

26(a)(2)(B)(v)); *Tyus v. Wendy's of Las Vegas, Inc.*, 2017 WL 3026403 at *6 (D. Nev. July 17, 2017) (declining to exclude the party's expert on the sole ground of failure to comply with Fed. Rule Civ. P. 26(a)(2)(B)(v), and allowing supplementation of the missing information); *Coleman v. Dydula*, 190 F.R.D. 316 (W.D.N.Y. 1999) (allowing one last opportunity to amend the expert report to provide a listing of all cases in which the expert had testified during the past four years).

Dr. Darouiche hails from Houston, Texas, and is one of Defendants' causation experts. His updated list of cases identifies his previous cases by name only, and does not provide information such as whether his testimony was for plaintiff or defendant, the attorneys involved, or the jurisdiction of the case. Defendants are therefore required to supplement Dr. Darouiche's case list, and provide the supplemented list to Plaintiffs by October 13, 2017. The matter is therefore reserved for ruling.

**2.      Defendants' Motion in Limine**

Defendants' motion seeks to preclude the testimony of the following individuals: Taylor Reichel, M.D.; Benjamin Perschau, M.D.; Bret Dirks, M.D.; Bradley Lykins, software analyst; Matthew Kreps, M.D.; Mark Dalton, D.O.; Jennifer Neeley, Director of Kootenai Outpatient Imaging; Cynthia Hathaway, radiology technologist; and an individual Plaintiffs identified as an Unnamed Employee of Kootenai Health.

At the hearing, the parties clarified their respective positions, and focused solely upon the permissible scope of the treating providers' testimony --- that of Drs. Reichel, Perschau, Dirks, and Kreps.[3]

Fed. Rule Civ. P. 26(a)(2)(C) is applicable to non-retained experts---those who do not provide a written report. Rule 26(a)(2)(C) does require disclosure of the facts and opinions to which a non-retained expert is expected to testify under Fed. R. Evid. 702, 703, or 705; and a summary of the facts and opinions to which the witness is expected to testify. Adequate disclosures are critical because, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or harmless." *Sabo v. Fiskars Brands, Inc*., No. 2:12-CV-00503-EJL, 2015 WL 12750276, at *5 (D. Idaho Dec. 4, 2015) (quoting Fed. R. Civ. P. 37(c)(1)).

The Advisory Committee Notes to the 1993 amendments to Rule 26 state that "[a] treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report" on the ground that he is not "retained or specially employed to provide such testimony in the case." *Muffley v. Gem Cty*., No. CV-05-466-S-BLW, 2007 WL 2071728, at *4 (D. Idaho July 17, 2007), decision clarified, No. CV05-

---

[3] Initially, Defendants raised the issue of timely disclosure, but withdrew all timeliness objections in their reply brief (Dkt. 109) and during the hearing. Plaintiffs clarified they do not intend to call Cynthia Hathaway or Dr. Dalton. And the parties agreed that Jennifer Neeley (identified as the previously "unnamed employee") and Bradley Lykins are qualified to testify pursuant to Fed. R. Evid. 701 and 902 to authenticate records they prepared.

**MEMORANDUM DECISION AND ORDER - 8**

466S-BLW, 2008 WL 110970 (D. Idaho Jan. 8, 2008). The Notes explain that Rule 26 is inapplicable to the "expert whose information was not acquired in preparation for trial but rather because he was an actor or viewer with respect to transactions or occurrences that are part of the subject matter of the lawsuit. Such an expert would be treated as an ordinary witness." *Id.*

A treating physician may testify regarding diagnosis, treatment, causation, and prognosis so long as that testimony is "related to the care and treatment of the patient." *Id.* (quoting *Lamere v. New York State Office for the Aging*, 223 F.R.D. 85, 89 (N.D.N.Y. 2004)). Two categories of this testimony require close scrutiny, one prospective, the other retrospective. *Id.* The treating physician's testimony will often reach back in time to examine causation, and may also reach forward to provide a prognosis. *Id.* The party tendering the testimony must show how the physician's testimony of causation and prognosis relates to treatment. *Id.* "A treating physician is only exempt from Rule 26(a)(2)(B)'s written report requirement to the extent that his opinions were formed during the course of treatment." *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 826 (9th Cir. 2011).

Defendants argue Plaintiffs are attempting to use the witnesses to testify beyond the permissible scope of a percipient witness, which would require a written expert report. They cite to the anticipated testimony of Dr. Dirks, who Plaintiffs state may testify about his "experience treating patients diagnosed with a spinal epidural abscess." Other than the one statement about Dr. Dirks, which arguably ventures beyond his care and treatment of Justin Garriott, it appears the summary descriptions indicate all of the

**MEMORANDUM DECISION AND ORDER - 9**

treating providers will testify within the scope contemplated by Rule 26(a)(2)(C) and the controlling case law. Dr. Dirks will not be permitted to testify about his care and treatment of other patients with spinal epidural abscess, other than perhaps his general familiarity with the condition and its presenting symptoms.

The Court declines Defendants' request to exclude these witnesses. The scope of their purported testimony was well known to Defendants, and as non-retained experts, no expert witness report was required. The treating physicians, as percipient witnesses, can testify regarding the diagnosis, treatment, causation, and prognosis of Justin Garriott, and testify about their opinions, provided the opinions were formed during the course of treatment. However, to the extent Plaintiffs may attempt to elicit testimony from the physicians that strays beyond the scope of their course of treatment, and delves into opinions developed at a later time or upon a hypothetical set of facts, the Court will provisionally grant the motion in that regard. Such would be inadmissible opinion testimony, given a Rule 26(a)(2)(B) report was required.

# ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Plaintiffs' Motion in Limine (Dkt. 102) be **GRANTED IN PART AND DENIED IN PART**, consistent with the Court's explanation herein.

2) Defendants' Motion in Limine (Dkt. 104) be **GRANTED IN PART AND DENIED IN PART**, consistent with the Court's explanation herein.

3) The Court reserves the opportunity to rule on appropriate evidentiary objections at trial, which may encompass the issues presented by the parties' motions.

DATED: October 4, 2017

_____

Honorable Candy W. Dale
United States Magistrate Judge