RAMSDEN, MARFICE, EALY & HARRIS, LLP
700 Northwest Boulevard
P.O. Box 1336
Coeur d'Alene, ID 83816-1336
Telephone:  (208) 664-5818
Facsimile:  (208) 664-5884
Michael E. Ramsden, ISB #2368
Nathan S. Ohler, ISB #8502

Attorneys for Defendants Western Medical Associates, PLLC,
Paul Paschall, M.D. and Eric Chun, M.D.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JUSTIN T. GARRIOTT and SUSAN GARRIOTT, Husband and Wife, JASPIN GARRIOTT, JUSTIN GARRIOTT, JR., JMG1, a minor, and JMG2, a minor,<br><br>  Plaintiffs,<br><br>vs.<br><br>WESTERN MEDICAL ASSOCIATES, PLLC, an Idaho corporation, PAUL PASCHALL, MD, ERIC CHUN, MD, AND DOE DEFENDANTS I THROUGH V,<br><br>  Defendants. | Case No.: 2.16-cv-0081-CWD<br><br>DEFENDANTS' TRIAL BRIEF |

Defendants Western Medical Associates, PLLC, Paul Paschall, M.D., and Eric Chun,

M.D., by and through the undersigned counsel, respectfully submit this Trial Brief pursuant to

this Court Trial Scheduling Order.

## TRIAL BRIEF

This Court is aware of the general legal and factual issues in this matter.  To prevail,

Plaintiffs must prove to the jury that either Dr. Paschall or Dr. Chun failed to meet the applicable

standard of health care practice in failing to diagnose Mr. Garriott's spinal epidural abscess, and

DEFENDANTS' TRIAL BRIEF - 1

that such failure caused the damages alleged. This Court's Memorandum Decision and Order on the parties' respective motions in limine resolved, at least for the time being, many of the evidentiary issues. The parties further met to exchange and stipulate to trial exhibits. For those exhibits concerning records to which the parties did not stipulate, they nevertheless stipulated to the authenticity of the same. Consequently, objections to exhibits are expected to fall under F.R.E. 402 and 403 and will be addressed at the time of trial.

The anticipated legal dispute concerns whether or not a charge of recklessness should be permitted to go to the jury. It should not. A spinal epidural abscess is a condition that is very rare and difficult to diagnose. And before plaintiffs may convert what is ordinary negligence (at most) into a claim of recklessness, they must be held to their burden of proof of proving by direct expert testimony that Drs. Paschall and Chun breached the applicable standard of care and that the evidence presented supports a charge of recklessness. Only until they have presented their case in chief will the Court be in a position to decide whether or not a charge of recklessness should be submitted to jury, or how such charge should be conveyed.

DATED this 16th day of October, 2017.

RAMSDEN, MARFICE, EALY & HARRIS, LLP

By    /s/ Nathan S. Ohler
      Nathan S. Ohler, Of the Firm
      Attorneys for Defendants Western Medical
      Associates, PLLC, Paul Paschall, M.D. and
      Eric Chun, M.D.

DEFENDANTS' TRIAL BRIEF - 2

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of October 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent a Notice of Electronic Filing to the following persons:

R. Bruce Owens          bownes@omllaw.com; jswarner@omllaw.com
Jeffrey R. Owens        jowens@omllaw.com


/s/ Nathan S. Ohler
Nathan S. Ohler